

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Board of Insurance Commissioners
Austin, Texas

Gentlemen:

Attention: Mr. Geo. Van Fleet

Opinion No. O-3149
Re: Power of a fraternal benefit
society to issue the follow-
ing described membership
certificate.

This department has received your request for
an opinion.

We set out below the body of your letter:

"There has been submitted to this Depart-
ment by a domestic fraternal benefit society
organized and operating under Chapter 8, Title
78, Revised Civil Statutes of 1925, a policy
of life insurance, the insuring clause of which
is as follows:

"'_____ Society - Hereby Insures
the Lives of _____, Named assured, and,
as defined in Paragraph VIII, the following
members of said named assured's family, to-wit:
Husband, Wife, Daughters, Sons, Mother, Father,
Sisters, Brothers, Grandmothers, Grandfathers,
Granddaughters, Grandsons

"'additional assureds, for such an amount as the
deceased's equal portion of the annual premium,
as determined by dividing the annual premium by
the number of persons insured hereunder at the
date of each death, will purchase at the attain-
ed age, nearest birthday, of such deceased assur-
ed at the date of death according to a table of
premiums double the amount the net annual renew-
able term premiums based upon the American Ex-
perience Table of Mortality and Craigs Exten-
tion thereof for ages under ten years with in-

terest at three and one-half per centum per
annum.'

"The policy also provides automatic cover-
age as follows: 'The insurance benefits herein
provided shall extend automatically to addition-
al assureds complying with the terms of this
policy after its effective date without the nec-
essity of notice to the Society. No death shall
terminate the policy unless it be the last re-
maining assured.'

"The law under which this Society operates
requires that the society shall operate on a
lodge system with a representative form of gov-
ernment, as is prescribed in Articles 4820,
4821, and 4822.

"It is to be noted that insurance protec-
tion is granted under the policy to a named
assured and various members of his family, but
only the named assured is known to the Society,
unless or until a death in the family occurs.
No other insured members are known to the Society,
and any additions to the insured group are unknown
to the Society at the time such additions become
effective.

"Your opinion is respectfully requested as
to whether or not it is within the powers of a
fraternal benefit society organized under the
laws of this State to issue such a policy, and
also whether or not in your opinion it is pos-
sible for a fraternal benefit society to grant
insurance coverage to an individual who is not
a member of the society insofar as belonging
to a particular lodge or having a voice in the
government of the society."

Article 4820, Vernon's Annotated Civil Statutes,
defines a fraternal benefit society as follows:

"Any corporation, society, order or volun-
tary association, without capital stock, organ-
ized and carried on solely for the mutual benefit

of its members and their beneficiaries, and
not for profit, and having a lodge system and
representative form of government, or which
limits its membership to a secret fraternity
having a lodge system and representative form
of government, and which shall make provision
for the payment of benefits in accordance with
Section 4 hereof, is hereby declared to be a
Fraternal Benefit Society."

Article 4821, Vernon's Annotated Civil Statutes,
defines the term "lodge system":

"Any society having a supreme governing
or legislative body and subordinate lodges or
branches by whatever name known into which mem-
bers shall be admitted in accordance with its
constitution, laws, ritual, rules and regula-
tions, and which shall be required by the laws
of such society to hold periodical meetings,
shall be deemed to be operating on the lodge
system."

Article 4822, Vernon's Annotated Civil Statutes,
provides:

"Any society shall be deemed to have a rep-
resentative form of government when it shall
provide in its constitution and laws for a su-
preme legislative or governing body, composed
of representatives elected either by the mem-
bers or by delegates elected directly or indi-
rectly by the members, together with such other
members as may be prescribed by its constitution
and laws; provided, that the elective members
shall constitute a majority in number and not
less than the number of votes required to amend
its constitution and laws; and provided, further,
that the meetings of the supreme or governing
body, and the election of officers, representa-
tives or delegates shall be held as often as
once in four calendar years. No member under
age sixteen shall have voice or vote in the
management of the society. No members, officer,
representative or delegate shall vote by proxy."

Board of Insurance Commissioners, Page 4


Article 4831, Vernon's Annotated Civil Statutes, in part, reads as follows:

"Any person may be admitted to beneficial, or general, or social membership in any society in such manner and upon such showing of eligibility as the laws of the society may provide, and any beneficial member may direct any benefit to be paid to such person or persons, entity, or interest as may be permitted by the laws of the society; * * *"

As the name implies, the plan or scheme which a fraternal benefit society operates upon is one where "the members mutually contribute to the payment of losses and expenses, and in which the indemnity or benefit to accrue is conditioned in any manner upon persons holding similar contracts * * *". See: 1 Couch, Cyc of Ins. Sect. 250.

It is seen that all the various activities of a benevolent society is between the corporate body and the individual units composing it; to-wit, its members.

Are the specified "members of said named assured's family" members of the society within the statutory meaning of that word? We think not.

The term "member" as used by the Legislature apparently means a real membership or an actual affiliation with the organization and not an indirect relationship acquired through mere genealogical connection with an actual member who has been formally chosen as a corporate unit of the society. A membership in the society implies, not only the enjoyment of its privileges, but actual subjection to the governing rules.

A fraternal benefit society can issue no certificate of membership other than those expressly provided for in its charter, constitution, and by-laws. Any attempt to extend or grant benefits beyond these established bounds is ultra vires the society and thus rendered void. 1 Couch, Cyc. of Ins., Sect. 256, Wirtz v. Sovereign Camp, W.O.W., 114 Tex. 471, 263 S. W. 438, and cases cited therein.

Here, we conclude. The specified "members of the named assured's family" are not members of the society. The

Board of Insurance Commissioners, Page 5

certificate seeks to extend benefits beyond the legal scope thereby making said certificates ultra vires the society.

We trust this answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

By _Grundy Williams_
Grundy Williams

GW:LM

APPROVED FEB 27, 1941

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN